**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **JONATHAN GARLAND,** | ) | **Civil Action No. 7:12-cv-00165** |
| **Petitioner,** | ) | |
| | ) | **MEMORANDUM OPINION** |
| **v.** | ) | |
| | ) | **By:   Hon. Michael F. Urbanski** |
| **COMMONWEALTH OF VA,** | ) | **United States District Judge** |
| **Respondent.** | ) | |

Jonathan D. Garland, a Virginia inmate proceeding pro se, filed a petition for writ of

habeas corpus, pursuant to 28 U.S.C. § 2254.  Petitioner challenges the validity of his

confinement pursuant to the August 2011 judgment of the Circuit Court of Wythe County.

Petitioner presents two claims of ineffective assistance of counsel: (1) counsel failed to perfect

an appeal from the trial court to the Court of Appeals of Virginia, and (2) counsel failed to

authenticate audio recordings.  After reviewing the petition, the court finds that it should be

dismissed summarily pursuant to Rule 4 of the Rules Governing § 2254 Cases.[1]

A federal court may not grant a § 2254 habeas petition unless the petitioner exhausted the

remedies available in the courts of the state in which he was convicted.  28 U.S.C. § 2254(b);

Preiser v. Rodriguez, 411 U.S. 475 (1973); Slayton v. Smith, 404 U.S. 53 (1971).  The

exhaustion requirement is satisfied by seeking review of the claim in the highest state court with

jurisdiction to consider the claim.  O'Sullivan v. Boerckel, 526 U.S. 838 (1999).  In Virginia, a

non-death row convict can exhaust state remedies in one of three ways, depending on the nature

of the claims raised.  First, the convict can file a direct appeal to the Virginia Court of Appeals

with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against

the convict.  VA. CODE § 17.1-411.  Second, the convict can attack the conviction collaterally by

---

[1]    A petition may be dismissed pursuant to Rule 4 if it is clear from the petition that petitioner is not entitled to
relief.

filing a state habeas petition with the circuit court where the convict was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia.  Id. § 8.01-654(A)(1); Va. Sup. Ct. R. 5:9 (a).  Finally, the convict can exhaust remedies by filing a state habeas petition directly with the Supreme Court of Virginia.  VA. CODE § 8.01-654(A)(1).  Whichever route the convict chooses to follow, it is clear that the convict ultimately must present the claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider the claims.  A federal habeas petitioner cannot have exhausted state remedies if the petitioner has the right under state law to raise the question presented by any available procedure and fails to do so.  28 U.S.C. § 2254(c).

The petition shows that petitioner has not presented the ineffective assistance of counsel claims to the Supreme Court of Virginia.[2]  Petitioner's failure to exhaust state remedies mandates summary dismissal of the petition by this court.[3]  Based upon the finding that petitioner has not

---

[2]     Petitioner filed his first § 2254 petition in January 2012.  Garland v. Commonwealth of Virginia, No. 7:12-cv-00031, slip op. at 2 (W.D. Va. Jan. 30, 2012).  Petitioner acknowledged in January 2012 that he had not filed a direct appeal to the Supreme Court of Virginia or filed a state petition for a writ of habeas corpus after the Court of Appeals of Virginia dismissed the appeal on December 20, 2011.
        Petitioner filed the instant petition in April 2012 and now alleges that he filed an appeal to the Supreme Court of Virginia that was dismissed.  However, petitioner does not provide a case number, dates of the appeal or its dismissal, or any document from the Supreme Court of Virginia.  The online records of the Supreme Court of Virginia do not reflect that petitioner appealed the Court of Appeals' decision to the Supreme Court of Virginia.  More than thirty days passed between when the Court of Appeals of Virginia dismissed the appeal and when this court dismissed the first habeas petition that advised petitioner that he had not exhausted state court remedies.  See Va. Sup. Ct. R. 5:14(a) (stating an appeal from the Court of Appeals is allowed only if the appellant files a notice of appeal within thirty days of the final judgment).  Thus, any subsequent appeal to the Supreme Court of Virginia would not be timely filed.  Even if petitioner did appeal the Court of Appeals' dismissal, the Supreme Court of Virginia could not review an ineffective assistance of counsel claim on a direct appeal.  See 1990 Va. Acts, c. 74 (repealing VA. CODE § 19.2-317.1, which permitted review of ineffective assistance of counsel claims on direct appeal).  Instead, the Supreme Court of Virginia's appellate review would be limited to the existence of a procedural error, which was the reason the Court of Appeals dismissed the appeal.  See Va. Sup. Ct. R. 5:17(c)(ii) (limiting the Supreme Court of Virginia's appellate review of a Court of Appeals' decision to the specific action taken by the Court of Appeals).  Petitioner acknowledges in the instant petition that he has not yet raised ineffective assistance of counsel claims via a state petition for a writ of habeas corpus, which he must file with either the Circuit Court of Wythe County or the Supreme Court of Virginia.
[3]     Petitioner may refile a federal habeas petition if he unsuccessfully presents the claims to the Supreme Court of Virginia through one of the three routes described.  Petitioner is advised, however, that his time to file state or federal habeas petitions is now limited.  See 28 U.S.C. § 2244(d); VA. CODE § 8.01-654(A)(2).

made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C.

§ 2253(c), a certificate of appealability is denied.

The Clerk is directed to send certified copies of this Memorandum Opinion and the

accompanying Order to petitioner.

Entered:  April 13, 2012

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge